IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LIENY SOLANO RODA,

    Petitioner,

v.                                                    No. 2:26-cv-00612-MLG-GBW

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security;
PAMELA BONDI, Attorney General of the
United States; MARY DE ANDA-YBARRA,
Field Office Director of the El Paso Field
Office of U.S. Immigration and Customs
Enforcement, Enforcement and Removal
Operations; and DORA CASTRO, Warden
of the Otero County Processing Center, in
their official capacities,

    Respondents.

### ORDER TO SHOW CAUSE AND ENJOINING RESPONDENTS FROM TRANSFERRING PETITIONER OUTSIDE THE DISTRICT

Petitioner Lieny Solano Roda—a Cuban citizen who was paroled into the United States on October 5, 2024,[1] via the U.S. Customs and Border Protection's CBP One application—is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶¶ 23, 32; Doc. 1-4 at 2, 6. After a year of residing in the United States, Solano Roda filed an application for lawful permanent residence under the Cuban Adjustment Act. *Id.* ¶ 27. Her application is still pending. *Id.* Solano Roda's parole was "effectively revoked"[2] when Immigration and Customs Enforcement officers detained her after an immigration proceeding hearing on January 24, 2026. *Id.* ¶¶ 28-31.

---

[1] Solano Roda's Petition alternatively states she entered the United States in October 2004. *See* Doc. 1 ¶¶ 18, 24. Based on the Court's review of the exhibits attached to her Petition, the Court believes the reference to 2004 is a typo. *See, e.g.*, Doc. 1-4 at 2, 6.

[2] It does not appear from the current filings that Solano Roda's parole was ever formally revoked.

1

Solano Roda challenges her continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release her from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within two days. Doc. 1 ¶¶ 96-97. She also requests that the Court declare that her detention violates her substantive due process rights. *Id.* ¶ 95.

The Clerk's Office electronically served Solano Roda's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026); Doc. 3 (indicating electronic service was completed on March 2, 2026). Pursuant to the Standing Order, counsel for Respondents will receive electronic notice of all filings in this case as they are now notice-recipients through the CM/ECF system. Within ten business days of this Order's filing,[3] the United States Attorney's Office for the District of New Mexico ("USAO") must respond to the Petition and show cause why the Court should not grant the requested relief.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not

---

[3] The Standing Order issued on January 28, 2026, requires that the Court give Respondents at least ten business days to respond to the Petition. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026).

2

§ 1225(b)(2)(A)—governs the detention of noncitizens,[4] like Solano Roda, who have been residing in the United States prior to their detention. *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have already been residing in the United States). Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. If Solano Roda wishes to file a reply, she must do so within ten business days of the filing of the USAO's response. The Court will determine whether a hearing is necessary once briefing is complete.[5]

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), Respondents are enjoined from transferring Solano Roda outside the District of New Mexico without prior approval from the Court while this proceeding is pending. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025).

It is so ordered.

                              UNITED STATES DISTRICT JUDGE
                              MATTHEW L. GARCIA

---

[4] This order "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[5] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.