**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

LIENY SOLANO RODA,

     Petitioner,

v.                                    No. 2:26-cv-00612-MLG-GBW

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security;
PAMELA BONDI, Attorney General of the
United States; MARY DE ANDA-YBARRA,
Field Office Director of the El Paso Field
Office of U.S. Immigration and Customs
Enforcement, Enforcement and Removal
Operations; and DORA CASTRO, Warden
of the Otero County Processing Center, in
their official capacities,

     Respondents.

**ORDER FOR EXPEDITED RESPONSE TO PETITIONER'S**
**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

     This matter is before the Court on Petitioner Lieny Solano Roda's Emergency Motion for Temporary Restraining Order ("Motion for TRO"), Doc. 6. The Court begins its analysis by setting forth the relevant procedural history. Solano Roda filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on March 1, 2026. Three days later, the Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to the Petition within ten business days and show cause why the Court should not grant the requested relief. Doc. 4 at 2. Nearly a week after the Court entered its Order to Show Cause, Doc. 4, Solano Roda filed the Motion for TRO.

1

"To obtain a restraining order, the movant must show '(1) a substantial likelihood of success on the merits, (2) irreparable injury in the absence of the injunction, (3) its threatened injury outweighs the harm to the opposing party under the injunction, and (4) the injunction is not adverse to the public interest.'" *Cortez-Gonzalez v. Noem*, No. 2:25-CV-00985-MLG-KK, 2025 WL 3485771, at *2 (D.N.M. Dec. 4, 2025) (quoting *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1139 n.2 (10th Cir. 2017)). Some preliminary injunctions are disfavored, however, and in those cases, courts require the moving party to make a heightened showing. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "A disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." *Id.* (citation modified).

The Motion for TRO seeks the same relief as Solano Roda's Petition: immediate release or a prompt bond hearing pursuant to 8 U.S.C. § 1226. *Compare* Doc. 1 at 15-16 *with* Doc. 6 at 9. Granting such relief would mandate action, would change the status quo, and would moot Solano Roda's Petition. Accordingly, to prevail on her motion, she must "make a strong showing that the likelihood-of-success and balance-of-harms factors tilt in her favor." *Cortez-Gonzalez*, 2025 WL 3485771, at *2 (internal quotation marks and citations omitted).

Based on the Petition and Motion for TRO, it is not apparent that Solano Roda's "right to relief [is] clear and unequivocal" under this heightened standard. *Cortez-Gonzalez*, 2025 WL 3485771, at *2 (citation modified). For example, it is not clear from Solano Roda's briefing that she is being held unlawfully under 8 U.S.C. § 1225, because it appears she was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which provides for temporary release from detention otherwise authorized by § 1225. *See* Doc. 1-4 at 2 (indicating that Solano Roda was categorized

as an "arriving alien" and placed in § 1229 removal proceedings the same day she entered the United States); § 1225(b)(2)(A) (providing that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (explaining that "when the purpose of [§ 1182(d)(5)(A)] parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled'" (quoting § 1182(d)(5)(A))). Solano Roda also failed to demonstrate she would suffer irreparable harm if the Court did not grant the Motion for TRO before receiving the USAO's response to the Petition (which is due on March 18, 2026).

But Solano Roda filed a supplemental notice to her Motion for TRO on Friday, March 13, 2026, informing the Court for the first time that her removal hearing is scheduled for 2:30 p.m. Wednesday, March 18, 2026. Doc. 7 at 1. Given this, the USAO's Response may come too late for this Court to provide any relief. The Court therefore orders expedited briefing. By 5 p.m. Tuesday, March 17, 2026, the USAO must respond to the Motion for TRO, Doc. 6, and explain why the Court should not grant the requested relief. By the same deadline, Solano Roda may file additional supplemental authority if she wishes.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

3